IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:12-cv-2230-SCJ |
| v. | : | |
| THE STATE OF GEORGIA; and | : | |
| BRIAN P. KEMP, SECRETARY OF | : | |
| STATE OF GEORGIA, in his | : | |
| official capacity, | : | |
| Defendants. | : | |

**ORDER**

This matter appears before the Court after entry of summary judgment in Plaintiff's favor [Doc. No. 33] and on the Plaintiff's request for injunctive relief.

A review of the record shows that on April 30, 2013, this Court issued an order granting the Plaintiff's motion for summary judgment and declaring the rights of the parties as follows:

> The forty-five day deadline and transmittal period established in the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), as amended, specifically 42 U.S.C. § 1973ff-1(a)(8)(A), applies to all federal runoff elections. The additional requirement for runoff elections set forth in § 1973ff-1(a)(9) does not alter the forty-five day deadline established for runoff elections in § 1973ff-1(a)(8). Defendants' inability under Georgia's current electoral system to transmit absentee ballots (that standing alone allow the voter to cast a meaningful vote) in future federal runoff elections to qualified military and overseas voters (*i.e.*, UOCAVA voters) who have requested them by the forty-fifth day before such an election violates § 1973ff-1(a)(8)(A) of UOCAVA.

Doc. No. 33, p. 30.

In addition to this declaration of rights, Plaintiff seeks injunctive relief [Doc. No. 1, p. 9]. In its request for injunctive relief, Plaintiff asks the Court to order the above-named Defendants, their agents, successors in office, and all persons acting in concert with them, to take all such steps as are necessary to ensure that the State of Georgia conducts all future federal runoff elections in full compliance with UOCAVA.

In accordance with its April 30, 2013 summary judgment order, the Court finds that permanent injunctive relief is proper. Prior to issuing injunctive relief, the Court allowed the Defendants to submit written proposed changes to Georgia's election laws that show full compliance with UOCAVA as to all future federal runoff elections [Doc. No. 33, p. 30]. The Plaintiff was also given an opportunity to comment on the submission [*id.*] Both parties complied with the Court's order to this regard [Doc. Nos. 34, 35, and 37].

The Defendants submit that the rights of UOCAVA voters can be protected by maintaining the current election calendar,[1] but extending the voting period for UOCAVA voters after the scheduled date of any federal runoff election [Doc. No. 35, p. 4]. More specifically, Defendants propose that O.C.G.A. § 21-2-384 be amended so that "in the event of any federal runoff election, in addition to having a period of early voting, the law would provide for a period of voting after the scheduled date of any

---

[1] The present election calendar provides that any primary runoff election, if necessary, shall be held twenty-one days after the date of the primary election and any general runoff election, if necessary, shall be held twenty-eight days after the date of the general election. O.C.G.A. § 21-2-501(a).

2

federal primary runoff election or federal general runoff election during which ballots would continue to be accepted from UOCAVA voters until forty-five days after the [ballot] 'transmittal date'[2] as designated by the Secretary of State" [*id.* at p. 5]. Defendants also propose delaying certification of the results of a federal primary, special, or general runoff election until forty-five days after the ballot transmittal date to UOCAVA voters [*id.* at p. 8].

In response, Plaintiff states that the Defendants have failed to present a proposal that would remedy the State's violation of § 1973ff-1(a)(8)(A) of UOCAVA. The Court agrees in that Defendants' proposal essentially amounts to an extension of the ballot receipt deadline for a time period after Election Day; however, an extension of the ballot receipt deadline does not comply with UOCAVA's mandate that each state shall "transmit a validly requested absentee ballot . . . not later than 45 days *before* an election for Federal office."  42 U.S.C. § 1973ff-1(a)(8)(A) (emphasis added). An extension of the ballot receipt deadline is not an appropriate permanent substitute for the compliance with the advance transmittal requirements of UOCAVA.

As correctly noted by Plaintiff, Defendants' proposal is also problematic on three other grounds.  First, the proposal recommends an amendment to the Official Code of Georgia; however, no legislation to this regard was introduced during the

---

[2]Defendants state that "[t]he 'transmittal date' would be designated by the Secretary of State for any federal primary runoff election or federal general runoff election based on the determination of the date that the official absentee ballots will be delivered to the county election superintendents."  Doc. No. 35, p. 5.

3

State of Georgia's 2013 General Assembly[3] and the Defendants have offered no assurance that corrective legislative action is imminent or likely to be adopted (and signed into law by the Governor) in time for the next regularly scheduled 2014 Federal elections [Doc. No. 37, p. 3]. Second, the Defendants' proposal "cuts against bedrock democratic principles that votes should not be cast after Election Day and that voters should have equal access to information about the election" [*id.* at p. 5]. Under Defendants' proposal, UOCAVA voters could have as many as thirty-five days after Election Day (and unofficial results are publicized, though not certified) to cast their votes [*id.* at p. 6]. If a candidate appears to have won from the unofficial results, UOCAVA voters could be discouraged from sending in their ballots – under a misapprehension that their votes will not matter [*id.*]. Third, Defendants' proposal lacks any assurance that county officials will be required to transmit the absentee ballots to UOCAVA voters on the "transmittal date" designated by the Secretary of State [*id.* at p. 7].

In the absence of a defense proposal that fully complies with the requirements of UOCAVA, this Court must issue its own form of appropriate relief.

---

[3]This case has been pending since June 27, 2012 and the Court entered a temporary restraining order and preliminary injunction (in Plaintiff's favor and against Defendants) on July 5, 2012 [Doc. Nos. 1, 10]. Defense Counsel has expressed an understanding that "members of the General Assembly were aware of the Court's initial July 5, 2012 Order and that no legislation relevant to the issues in this action was introduced during the 2013 legislative session" [Doc. No. 35, p. 4].

AO 72A
(Rev.8/82)

Prior to issuing injunctive relief, the Court notes that it has a strong preference for the Georgia General Assembly and the Georgia Secretary of State to set the State's election calendar.  This is because the setting of an election calendar is a task best handled by elected representatives in whose hands voters have placed their trust to handle such matters – as opposed to an unelected federal judge.  *See Bodker v. Taylor*, No. 1:02-CV-999, 2002 WL 32587312, at * 5 (N.D. Ga. June 5, 2002) (presenting a similar school of thought in the context of redistricting litigation).  However, as noted above, the Georgia General Assembly failed to act in its 2013 session and the Court has not received reasonable assurance that there will be legislative action in 2014.

In addition, the Secretary of State (while apparently well-intentioned) has not presented a proposal that satisfies UOCAVA advance ballot transmittal requirements.

In considering the relevant facts and circumstances, the Court has no choice but to act, and to act swiftly, so that the requirements of UOCAVA are carried out and so that  military and overseas citizens will have a chance to vote in accordance with applicable law.  More specifically, state law must now yield in accordance with the Supremacy Clause of the United States Constitution. *See* U.S. Const., art VI, cl. 2; *Kurns v. R.R. Friction Prods.Corp.*, 132 S. Ct. 1261, 1265 (2012) ("The Supremacy Clause provides that federal law 'shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.'"); *Free v. Bland*, 369 U.S. 663, 666, 82 S. Ct. 1089, 1092 (1962) ("any state law, however clearly within

a State's acknowledged power, which interferes with or is contrary to federal law, must yield."); and *United States v. New York*, No. 1:10-cv-1214 (N.D. N.Y. Feb. 9, 2012) (recognizing the effect of the Supremacy Clause prior to issuing a court sanctioned election calendar that complied with UOCAVA).

In issuance of the injunctive relief, the Court has been guided by the doctrine of minimum change, which it borrows from the redistricting case law. Said doctrine provides that a district court should not preempt the legislative task nor intrude upon state policy any more than necessary. *Upham v. Seamon*, 456 U.S. 37, 41–42, 102 S. Ct. 1518 (1982) (internal citations and punctuation omitted). To this regard, the Court has not disturbed Georgia's policy decision to hold federal primary and general runoff elections – as that is a decision best left to the General Assembly. The Court finds that the plan presented by the United States, which expands Georgia's current election calendar to provide the time necessary for transmission of UOCAVA ballots forty-five days before federal runoff elections and hews as closely as possible to the current election calendar, is an appropriate UOCAVA-compliant plan [Doc. No. 37, p. 10]. The Court adopts said plan, with the addition of a qualifying period, as follows.

In all regular federal election in 2014 and beyond, Georgia's federal election calendar shall be configured as follows:

1. The State's qualification period for federal offices shall occur during the eleventh week prior to the primary election.

2. The State's federal primary election shall be held on the Tuesday nine weeks before the federal primary runoff election, and twenty-two (22) weeks before the federal general election.

3.  The State's federal primary runoff election shall be held thirteen (13) weeks before the federal general election.

4.  As required by federal law, the State's federal general election shall be held on the Tuesday following the first Monday in November. *See* 3 U.S.C. § 1; *see also* O.C.G.A. §§ 21-2-2(15), 21-2-9(a).

5.  The State's federal general runoff election shall be held on the Tuesday nine (9) weeks after the federal general election.[4]

In the event of a special federal election to fill a vacancy, the date of any special runoff election, if held, shall be nine weeks after the special election necessitating the runoff election.

The 2014 election calendar is attached hereto, as Exhibit A. Within **twenty (20) days** of the Court's order, Defendants shall submit to the Court (for review and approval) a proposed calendar for all statutory and administrative election-related deadlines based upon the election dates set by the Court.

---

[4] The Court recognizes that this configuration will result in a delay of the January 3rd seating of Georgia's newly elected federal legislators (pursuant to the Twentieth Amendment of the United States Constitution), as well as a vacancy in the seats from January 3rd until such time as the general election runoff can be held and the results certified; however, the above-stated dates are the earliest and most practicable UOCAVA-complaint dates available to maintain Georgia's policy of holding runoff elections – as the only other alternative is to hold elections during the December holiday season – something, this Court is not willing to order, for fear of chilled voter turnout.

The Court further notes that the proposal submitted by Defendants (i.e., of allowing absentee ballots to be returned up to and including December 30, 2014) would likely yield a similar delay in seating of the federal legislators, considering the additional time period after December 30, 2014 (*i.e,* up to seven days) that the Secretary of State will need to certify the election.

The Defendants shall be responsible for establishing future federal election dates (and administrative election-related deadlines) in accordance with the above-stated election calendar configuration.  The Defendants shall also engage in a public information campaign of the date changes so that all potential candidates may become aware of the revised election calendar.

For any federal runoff election held through January 6, 2015, Defendants shall submit a report, in a format agreed to by the parties, to the United States. Said report shall detail whether all UOCAVA ballots for the runoff election were transmitted by that deadline.  Said report is due on or before March 1, 2015.

## Conclusion

Plaintiff's request for injunctive relief is hereby **GRANTED**.  The terms of the relief are as set forth herein and in Exhibit A.  This Order shall govern all federal elections in 2014 and beyond; however, this order does not prohibit the State of Georgia from adopting its own UOCAVA-compliant election calendar in future legislative sessions.

As there are no other issues pending before this Court, the Clerk is **DIRECTED** to terminate this civil action. The Court retains jurisdiction for purposes of enforcement of its orders.

**IT IS SO ORDERED,** this 11th day of July, 2013.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

## Exhibit A

## 2014 Federal Election Calendar for the State of Georgia

(as established by Court order, Civil Action No. 1:12-CV-2230 (N.D. Ga 2013)

**Monday, March 17, 2014 - Friday, March 21, 2014**: qualifying period for candidates seeking federal offices

**Saturday, April 19, 2014**: deadline to transmit UOCAVA ballots (for the federal primary election)

**Tuesday, June 3, 2014**: federal primary election

**Saturday, June 21, 2014**: deadline to transmit UOCAVA ballots (for the federal primary runoff election)

**Tuesday, August 5, 2014**: federal primary runoff election

**Saturday, September 20, 2014**: deadline to transmit UOCAVA ballots (for the federal general election)

**Tuesday**, **November 4, 2014**: federal general election

**Saturday, November 22, 2014**: deadline to transmit UOCAVA ballots (for the federal general runoff election)

**Tuesday, January 6, 2015**: federal general runoff election